UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARK DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:10cv391 - WCL |
| | ) | |
| CITY OF LAKE STATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the co-defendants in this case, Lake Station Board of Public Works and Lake Station Emergency Medical Department, on November 29, 2010. The plaintiff, Mark Douglas ("Douglas"), filed his response on December 28, 2010, and the co-defendants filed their reply on February 16, 2011.

For the following reasons the motion to dismiss will be granted, albeit without prejudice.

Discussion

In this job discrimination suit Douglas has attempted to sue his employer, which he believes is either the Board of Public Works (which fired Douglas), or the City of Lake Station (which hired Douglas), or the EMS Department (which supervised Douglas). Douglas claims that "considerable confusion exists as to which defendant is the legal [sic] responsible party for the unlawful discharge of the plaintiff."

In their motion to dismiss, defendants Board of Public Works and EMS Department argue that departments of a municipality are not proper parties under Indiana law, as they are merely a vehicle through which the municipality performs its function. Sow v. Fortville Police Department, ____F.3d ____, (7th Cir. 2011), No. 10-2188. Douglas does not attempt to

contradict this proposition, but argues that the defendants have not presented any evidence of an ordinance passed by the City of Lake Station establishing the Board of Public Works and the EMS Department as departments of City of Lake Station.  Douglas points out that Indiana Law 36-4-9-4 Section 4(a) specifically states the city legislative body shall, by ordinance passed upon recommendation of the city executive, establish the executive departments that it considers necessary to efficiently perform the administrative functions required to fulfill the needs of the city's citizens.

This court requested a reply brief by the defendants to clarify whether there was, in fact, such an ordinance passed.  The defendants apparently deemed the issue a non-issue and simply relied on Sow in its reply brief.

It is clear that departments of a municipality cannot be sued, and that the suit is properly brought against the municipality itself.  However, out of an abundance of caution, the court will dismiss the co-defendants without prejudice.  In the event that Douglas' fears come to fruition and one or both of the co-defendants are shown to be a proper party in this suit, Douglas will be permitted to reinstate them as defendants.

## Conclusion

On the basis of the foregoing, the defendants' motion to dismiss [DE 9] is hereby GRANTED WITHOUT PREJUDICE.

Entered: March 2, 2011.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court